**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

*FILED*

MAY  4 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| IN RE: MOHAMMAD REZA ASSADI, | § | |
| DEBTOR, | § | |
| | § | |
| MOHAMMAD REZA ASSADI, | § | CAUSE NO. 1:21-CV-489-LY |
| APPELLANT, | § | BANKRUPTCY NO. 20-10766-TMD |
| V. | § | |
| | § | |
| RANDOLPH N. OSHEROW, AS | § | |
| CHAPTER 7 TRUSTEE, AND AMIR | § | |
| BATOEI, | § | |
| APPELLEES. | § | |

## MEMORANDUM OPINION AND ORDER

This case arises from Appellant Mohammad Reza Assadi's appeal of the following orders of the United States Bankruptcy Court: (1) Order Granting Trustee's Motion to Compromise and Settle Claims with Amir Batoei Pursuant to Bankruptcy Rule 9019, (2) Order Denying Motion to Reconsider Motion to Disqualify; and (3) Order Sustaining in Part and Denying in Part Objection to Claim Nos. 9-2, 10-1 and 11-1.

Before the court are *pro se* Appellant Assadi's Brief filed August 17, 2021 (Doc. #11) and Appellee Randolph N. Osherow's Brief filed September 16, 2021 (Doc. #16). On December 2, 2021, the court entertained oral argument, at which all parties appeared either in person or through counsel. Having carefully considered the filings, argument, and applicable law, the court concludes that the above referenced bankruptcy court's orders should be affirmed for the reasons to follow.

### I.    Factual Background

Appellant Mohammad Reza Assadi was the owner or principal in charge of several automobile and real estate businesses, including Roblan, LLC ("Roblan"), Gidland Corp. ("Gidland"), Landmag Corp., F&F Operating Company, LLC ("FOC"), and F&F Family, LP

("F&F LP").  On July 7, 2020, Assadi filed for bankruptcy following a judgment rendered jointly and severally against Assadi, FOC and F&F LP in Texas state court.  Assadi appealed the judgment to the Texas Third Court of Appeals, but the appeal was stayed after Assadi filed for bankruptcy.  Assadi now appeals three orders of the bankruptcy court.

Austin Property

In early 2015, Assadi told Appellee Amir Batoei that he was down on his luck and needed loans for his businesses.  That spring, Assadi drafted documents for Batoei to form Family AB Austin Feb5, LP ("AB Austin"), which borrowed $363,500 from Ozona National Bank ("Ozona Bank") to pay off debt on property in Austin at Sunrise Terrace (the "Austin Property") titled in Assadi's company, Roblan.  Batoei signed a personal guaranty to Ozona Bank.  AB Austin signed a Deed of Trust to Ozona Bank encumbering the land.  Roblan transferred the property by General Warranty Deed with Vendor's Lien to AB Austin.

Assadi promised Batoei that he would pay the note to Ozona Bank and, on May 28, 2015, Assadi presented Batoei with a document he prepared, entitled "Special Warranty Deed with Vendor's Lien," whereby AB Austin would convey the Austin Property to Assadi in exchange for a vendor's lien.  However, the deed purporting to grant Batoei a vendor's lien was devoid of any vendor's lien language in the body of the document.  Assadi promised that he would not record the special warranty deed until Ozona Bank and Batoei had been repaid in full.  Batoei signed the deed and gave it to Assadi, who retained the original signed document.  Assadi did not record the deed until October 2018, but did so before the Ozona Bank note had been fully paid.

Lee County Properties

In summer 2015, Assadi asked for Batoei's help in paying a debt Assadi owed that was secured by a lien on approximately 92 acres of real property located on County Road 103 in Lee County, Texas, consisting of seven separate but contiguous tracts of land (the "Lee County Properties"). The Lee County Properties were owned by Assadi's company, Gidland.  Similar to the prior transaction, Assadi prepared documents for Batoei to form Lee AB Land, LLC ("Lee AB") that on August 25, 2015, borrowed $371,200 from Round Top State Bank ("Round Top Bank") to pay off Gidland's debt on the properties.  Batoei signed a personal guaranty to Round Top Bank.  Lee AB signed a Deed of Trust to the bank securied by the Lee County Properties. Gidland transferred the Lee County Properties by Warranty Deed to Lee AB.

Assadi informed Batoei that Assadi would pay the note to Round Top Bank and presented a document entitled "Special Warranty Deed with Vendor's Lien" that Assadi had prepared whereby Lee AB would convey the Lee County Properties to Assadi, individually, in exchange for a vendor's lien in favor of Batoei.  However, the language providing Batoei with a vendor's lien was not in the document.  Assadi promised that he would not record the special warranty deed until Round Top Bank and Batoei had been repaid in full.  Batoei signed the deed and gave it to Assadi, who retained the original, signed document.  Assadi did not record the deed until October 2018, but did so before the debt to Round Top Bank was fully paid.

Between October 2015 and September 2018, Assadi sold four tracts of the Lee County Properties and the net sales proceeds were delivered to Round Top Bank in partial payment of the loan.  Despite Assadi's agreements to pay the Ozona Bank and Round Top Bank loans, most of those payments were made by Batoei.  As a result, a dispute arose between Assadi and Batoei.

3

The State-Court Lawsuit

On October 1, 2018, Assadi recorded the special warranty deeds to the Austin Property and Lee County Properties and also recorded deeds transferring the properties to Assadi's personal company, F&F LP. As a result, F&F LP became the record owner of real estate that was previously owned by AB Austin and Lee AB, each of which was primarily obligated on loans to Ozona Bank and Round Top Bank respectively, and for which Batoei was obligated as a guarantor. Batoei, Austin AB, and Lee AB had paid for the properties and were obligated to continue paying the mortgages, but title was held by F&F LP.

On October 19, 2018, Batoei, Lee AB, and AB Austin (together, the "Batoei Creditors") filed a lawsuit styled *Amir Batoei, et al. v. Mohammad Assadi, et al.*, Cause No. D-1-GN-18-006408 in the 353rd Judicial District Court of Travis County, Texas against Assadi; F&F LP; and FOC, the general partner of F&F LP (the "state-court lawsuit").

In October 2018, Batoei paid off the note to Round Top Bank. The bank then transferred the debts and the lien on the Lee County Properties to Batoei.

After filing the state-court lawsuit, the Batoei Creditors recorded a *lis pendens* in Lee and Travis Counties to identify the property interests in dispute owned by Assadi; F&F Family, LP; and F&F Operating Company, LLC. Trial on the state-court lawsuit was set for February 3, 2020. On January 24, 2020, less than two weeks before the trial, Assadi caused F&F LP to transfer the Austin Property and Lee County Properties back to himself. The deed records in both Travis and Lee Counties, therefore, reflected Assadi as record owner of the properties.

On March 12, 2020, the state court granted judgment against Assadi; F&F LP, and FOC, which was subsequently modified on March 27, 2020. The Modified Final Judgment granted judgment for $742,824.18 ($805,508.29 after interest charges and appeal charges) jointly and

severally against all three defendants. Also, the Modified Final Judgment granted the Batoei Creditors a vendor's lien in the Austin Property and Lee County Properties in the amount of $413,091.91. This resulted in Batoei holding a total claim against the bankruptcy estate for $742,824.18, comprised of a secured claim of $413,091.91 and an unsecured claim of $329,732.27. Batoei is the largest secured and unsecured creditor in the bankruptcy case.

Assadi individually appealed the judgment in the state-court lawsuit to the Texas Third Court of Appeals, but F&F LP, and FOC did not appeal the judgment. Thus, the state-court judgment is final as to F&F LP and FOC. Assadi's appeal has been stayed due to the bankruptcy filing.

### Bankruptcy Proceedings

On July 7, 2020, Assadi filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. The case was involuntarily converted to Chapter 7 on September 14, 2020, and Randolph Osherow was appointed as Chapter 7 Trustee. On September 29, 2020, Assadi filed an appeal of the order converting the case to Chapter 7, which this court affirmed on March 9, 2021. This court's ruling was upheld by the Fifth Circuit on October 19, 2021.

Other than Assadi's Lee County Properties and Travis County Property, the bankruptcy estate had little or no other assets of any significant value. Thus, Osherow had no funds until the properties were sold. During the pendency of the bankruptcy case, numerous legal and factual controversies arose between and among Osherow, Batoei, and Assadi.

### *Osherow and Assadi*

Assadi demanded Osherow continue Assadi's appeal of the state-court lawsuit, arguing that prosecution of the appeal would greatly reduce or even eliminate the judgment held by Batoei against Assadi. Osherow was successful in reducing the state-court judgment from

$805,508.29 to $506,116.63 due to duplicative claims.   However, he determined that the likelihood of prevailing on a full appeal was low and the appeal would not be worth the risk and expense involved.   Once Osherow sold the Travis County Property and Lee County Properties, the balance owed to Ozona Bank was paid and the bankrpucty estate received dollar for dollar credit paid to Ozona Bank.   Osherow also determined that the *Rooker-Feldman* doctrine1 prevented pursuing a further reduction of the state-court judgment in bankruptcy proceedings.

Assadi also demanded that Osherow prosecute a pending lawsuit against Batoei regarding alleged violations of a management agreement between the two parties, *Mohammad Reza Assadi v. Amir Batoei, et al.*, Cause No. D-1-GN-19-007501, in the 353rd Judicial District Court of Travis County, Texas.   Osherow determined that the issues were complicated and that the lawsuit would have been costly and time consuming.   Osherow was concerned that the management agreement between Batoei and Assadi was unauthorized and determined that discontinueing the suit was in the best interest of the estate.   Osherow then abandoned the lawsuit, giving Assadi full control over its prosecution.

*Osherow and Batoei*

In addition to the secured nature of the claims, Batoei asserted that the Travis County Property and Lee County Properties were fully subject to Batoei's judgment lien, arguing that he held equitable rights in the properties:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . .   becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d) (2016).

_____

1 For a discussion of the *Rooker-Feldman* doctrine, see *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284-85 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

Batoei further argued that the estate held only bare legal title to the properties, rendering the properties valulesss to the estate. *See In re MCZ, Inc.*, 82 B.R. 40, 42 (Bankr. S.D. Tex. 1987) ("[w]here Debtor merely holds bare legal title to property as agent or bailee for another, Debtor's bare legal title is of no value to the estate, and Debtor should convey the property to its rightful owner"). In addition, Batoei objected to the sales of the properties. Osherow reached an agreement with Batoei to sell both properties.

Orders at Issue

On May 4, 2021, the bankruptcy court rendered an order granting Osherow's motion to compromise and settle claims with Batoei. The court found that the proposed compromise and settlement was equitable, would allow the estate to improve its financial outlook, and would pay off all relevant debts.

Also on May 4, 2021, the bankruptcy court rendered an order sustaining in part and denying in part Assadi's objections to the creditors' claims, reducing Batoei's state-court judgment claim from $805,508.29 to $506,116.63. The court sustained objections that the claims were duplicative but overruled other objections raised by Assadi.

Finally, on May 17, 2021, the bankruptcy court rendered an order denying Assadi's motion to reconsider his motion to disqualify the bankruptcy judge. The order was proceeded by a January 19, 2021 hearing, during which the court explained its reasoning for denying the initial motion for disqualification.

**II.     Standard of Review**

District courts review bankruptcy court approvals of motions to compromise for abuse of discretion. *In re Emerald Oil Co.*, 807 F.2d 1234, 1239 (5th Cir. 1987). Denial of the bankruptcy court's recusal motion is also reviewed for abuse of discretion. 28 U.S.C. § 455(a);

*U.S. v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998).  Bankruptcy court findings of fact are reviewed by the district court for clear error and conclusions of law are reviewed *de novo*. *In re Mandel*, 578 Fed.Appx. 376, 382 (5th Cir. 2014).

### III.    Analysis

Order Granting Motion to Compromise and Settle Claims

The bankruptcy court acted within its discretion when it approved Osherow's motion to compromise and settle claims with Batoei.  Rule 9019 of the Federal Rules of Bankruptcy Procedures tasks bankruptcy courts with reviewing and approving settlements between the parties.  Approval is at the discretion of the court, so long as the settlement is fair and equitable and in the best interest of the estate.  *Matter of Beach*, 731 Fed.Appx. 322, 325 (5th Cir. 2018).

In appraising a motion to compromise, a bankruptcy judge must evaluate five factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; (3) the paramount interest of the creditors and a proper deference to their respective views; (4) the extent to which the settlement is truly the product of arm's-length bargaining and not fraud or collusion; and (5) all other factors bearing on the wisdom of the compromise.  *The Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 263 (5th Cir. 2010); *In re Jackson Brewing*, 624 F.2d 605, 607-08 (5th Cir. 1980).  In considering a compromise, the court should give weight to the views of experienced counsel for the parties.  *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

The bankruptcy court properly considered all factors in approving the compromise at issue.  First the court found that the probability of success in litigation was low due to the state court's consideration of the issue and large award in favor of the Batoei Creditors.  The court

8

properly credited Osherow's evaluation of the pending appeal and its low likelihood of reducing or overturning the judgment.  Next, the court expressed agreement with Osherow's contention that pursuing litigation would be costly and time consuming.  Third, the court found it clear that the proposed settlement would benefit the creditors and was negotiated at arm's length between the creditors and an independent trustee.  Finally, the court concluded that the compromise would result in payment to all creditors and a chance for Assadi to move forward with a fresh start and a surplus of funds from the estate.  The bankruptcy court carefully reviewed the motion for compromise and Assadi's objections, accurately applied the law, and acted within its discretion in granting Osherow's motion.

<u>Order Denying Motion to Reconsider Motion to Disqualify</u>

The bankruptcy court acted within its discretion when it denied Assadi's motion to reconsider his earlier motion to disqualify.  A judge must disqualify himself in any proceeding in which his impartiality might be questioned or there might be an appearance of partiality.  28 U.S.C. § 455(a).  A movant seeking disqualification bears the burden of proving impartiality by clear and convincing evidence.  *Kinnear-Weed Crop. v. Humble Oil & Refining Co.*, 441 F.2d 631, 634 (5th Cir. 1971).  The relevant test is whether a reasonable person with knowledge of the relevant facts would conclude that a judge's impartiality might reasonably be questioned.  *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009).

In the hearing on disqualification, the court addressed each of Assadi's arguments in turn: (1) that Assadi was not given adequate time to prepare or argue, (2) that the court displayed personal bias against Assadi, and (3) that the courts findings and orders favored the positions argued by Mr. Ritter, the Batoei Creditors' attorney.  In his brief in support of this appeal, Assadi made several additional arguments.  First, Assadi argues that the court displayed bias when it

converted his Chapter 11 case to a Chapter 7 case.  The decision was appealed by Assadi, affirmed by this court, and subsequently upheld by the Fifth Circuit.  The conversion was well-supported by the record and the bankruptcy court's order reveals no bias.  Assadi's second argument is that the court did not allow Assadi sufficient time to find an attorney prior to the case being converted to Chapter 7.  The record shows that over two months passed between Assadi's Chapter 11 filing and the conversion hearing.  Finally, Assadi argues that the bankruptcy court's refusal to allow Assadi to sell substantially all of the estate's assets early on in the bankruptcy proceedings reveals bias.  The record reveals significant questions regarding the status of the title of the property Assadi sought to sell.  The bankruptcy court's denial of Assadi's request to sell potentially encumbered assets reveals no bias.

Assadi fails to establish a lack of bankruptcy court impartiality or the appearance of impartiality by clear and convincing evidence.  The bankruptcy court acted within its discretion in denying the motion to reconsider.

<u>Order Sustaining in Part and Denying in Part Objection to Claim Nos. 9-2, 10-1 and 11-1</u>

The bankruptcy court properly sustained in part and denied in part Assadi's objections to claims filed by the Batoei Creditors.  Assadi argues on appeal that this order was made with actual malice and reckless disregard for the truth but fails to raise any legal or factual errors made by the court with any specificity.  By failing to adequately brief his appeal of this order, Assadi has abandoned it.  *Ramirez v. Escajeda*, 921 F.3d 497 (5th Cir. 2019).  Even if this court were to evaluate Assadi's initial objections, it would find no error by the bankruptcy court in overruling Assadi's objections.  Assadi argued, *inter alia*, that the Batoei Creditors' claims were invalid because (1) the state-court judgment was not final because of a pending appeal, and (2) the exact amount of the claims were disputed and unclear.  In his initial objections, Assadi also

raised an objection that he was not served the relevant proofs of claims. This objection was sustained but later mooted.

In a claim-objection proceeding, a valid proof of claim serves as *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). A claim supported by this proof prevails unless the objecting party produces evidence to rebut the claim. *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). The Bankruptcy Code outlines nine exceptions that might support an objection. 11 U.S.C. § 502(b) (2016 & Supp. 2021). The first and only potentially relevant objection is for claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." *Id.*

In Texas, a judgment is final despite the pendency of an appeal unless the appeal actually consists of a trial *de novo*. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986). Any argument that the state-court judgment is not enforceable against Assadi runs afoul of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prevents district courts, including bankruptcy courts, from reviewing and rejecting judgments rendered by state courts before the district court proceedings commenced. *Exxon Mobil Corp.*, 544 U.S. at 284; *In re Healey*, 2017 WL 4863014, at *4 (Bankr. E.D Tex. Oct. 25, 2017). Because the state-court judgment is final and unsuperceded, the bankruptcy court properly overruled Assadi's first objection. Because Assadi presented no evidence rebutting claimant's proofs of claim, his second objection was also properly overruled.

This court finds no error in the bankruptcy court's Sustaining in Part and Denying in Part Objection to Claim Nos. 9-2, 10-1 and 11-1.

## IV.    Conclusion

**IT IS ORDERED** that the May 4, 2021 Order of the United States Bankruptcy Court for the Western District of Texas granting Trustee's Motion to Compromise and Settle Claims with Amir Batoei Pursuant to Bankruptcy Rule 9019 is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the May 4, 2021 Order of the United States Bankruptcy Court for the Western District of Texas denying Appellant's Motion to Reconsider Motion to Disqualify is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the May 17, 2021 Order of the United States Bankruptcy Court for the Western District of Texas sustaining in part and denying in part Appellant's objections to claim nos. 9-2, 10-1 and 11-1 is **AFFIRMED**.

A final judgment shall be filed subsequently.

**SIGNED** this _4th_ day of May, 2022.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE